**IN THE UNITED STATES DISTRICT COURT**
**FOR THE NORTHER DISTRICT OF ILLINOIS**
**EASTERN DIVISION**

| | |
|---|---|
| SHENZHEN WENWEN NEW WORLD TRADING COMPANY LIMITED, | Civil Action No. 1:18-cv-4778 |
| Plaintiff | JURY TRIAL DEMANDED |
| v. | |
| THE PARTNERSHIPS AND UNINCORPORATED ASSOCIATIONS ON SCHEDULE "A" | |
| DEFENDANTS. | |

## COMPLAINT

Plaintiff, Shenzhen Wenwen New World Trading Company Limited ("Plaintiff") files this complaint against the partnerships and unincorporated associations identified on Schedule A, attached hereto (collectively, "Defendants"), and would show as follows:

## PARTIES

1.      Plaintiff, Shenzhen Wenwen New World Trading Company Limited is a limited company organized under the laws of China, with its principle place of business at 1st Floor, Building 31, Shangzao Village, Dalang Street, Longhua District, Shenzhen, Guangdong, PRC.

2.      On information and belief, Defendants who operate the Internet Stores through the Wish.com online marketplace, identified on Schedule A, are residents of China.

## JURISDICTION AND VENUE

3.      This Court has subject matter jurisdiction pursuant to 15 U.S.C. § 1051 *et eq.* and 28 U.S.C. § 1338(a)–(b) and 28 U.S.C. § 1331. This Court has jurisdiction over the claims in this action that arise under the laws of the State of Illinois pursuant to 28 U.S.C. § 1367(a), because

the state law claims are so related to the federal claims that they form part of the same case or controversy and derive from a common nucleus of operative facts.

4.　　Venue is proper in this Court pursuant to 28 U.S.C. § 1391, as Defendant's have committed acts of complained of herein within this judicial district.

5.　　Upon information and belief, Defendants are subject to this Court's specific and general jurisdiction due to at least their substantial business in the forum, include: (i) at least a portion of the acts complained; (ii) regularly doing or soliciting business, engaging in other persistent courses of conduct, and/or deriving substantial revenue from goods and services provided to individuals in Illinois and in this Judicial District; and (iii) directly targeting consumers in the United States, including Illinois, through at least the fully interactive commercial Internet stores operating under the Wish.com Marketplace Accounts identified in Schedule A attached hereto (collectively, the "Wish.com Stores"), including selling, offering for sale, and shipping counterfeit goods using Plaintiff's registered trademark to residents of Illinois, including specifically selling the counterfeit goods ordered on Plaintiff's behalf to a resident of this District.

## BACKGROUND

6.　　Plaintiff exclusive licensee of U.S. Trademark Registration No. 4,977,725 ("EDEALYN") with all rights of enforcement.　The Registration is valid, subsisting, and in full force and effect. A true and correct copy of the federal trademark registration certificate for the mark is attached hereto as Exhibit 1.

7.　　Plaintiff has used the EDEALYN mark continuously in commerce since at least June of 2015 for use with its automotive products.

8.　　Plaintiff files this action stop online counterfeiters from injuring Plaintiff's reputation and goodwill by selling and/or offering for sale products in connection with Plaintiff's EDEALYN trademark.

2

9. The EDEALYN trademark is distinctive and identifies the merchandise as goods from Plaintiff. The registration for the EDEALYN trademark constitute prima facie evidence of validity and of Plaintiff's exclusive right to use the EDEALYN trademark pursuant to 15 U.S.C. § 1057 (b).

10. The Defendants create numerous Wish.com Stores and design them to appear to be selling genuine Plaintiff products, while selling counterfeit versions of Plaintiff's products. The Wish.com Stores identified in Schedule A appear to be related entities. They all share several distinct and unique features such as using nearly identical store designs and using identical product pages, including identical pictures and product descriptions. This establishes a logical relationship between them suggesting that Defendants' illegal operations arise out of the same transaction, occurrence, or series of transactions or occurrences.

11. Defendants are individuals and business entities who, upon information and belief, reside in the People's Republic of China or other foreign jurisdictions. Defendants conduct business throughout the United States, including within Illinois and in this Judicial District, through the operation of the fully interactive commercial websites and online marketplaces operating under the Wish.com Stores. Each Defendant targets the United States, including Illinois, and has offered to sell and, on information and belief, has sold and continues to sell counterfeit EDEALYN products to consumers within the United States, including Illinois and in this Judicial District.

12. The success of the EDEALYN brand has resulted in its counterfeiting. Plaintiff has identified numerous marketplace stores on wish.com, including the Wish.com Stores, which were offering for sale, selling, and importing counterfeit EDEALYN products to consumers in this

Judicial District and throughout the United States. Defendants have persisted in creating the Wish.com Stores.

13.     Plaintiff has not licensed or authorized Defendants to use its EDEALYN trademark, and none of the Defendants are authorized retailers of genuine EDEALYN products.

14.     Defendants go to great lengths to conceal their identities and often use multiple fictitious names and contact information to register and operate their network of Wish.com Stores. For example, Defendants use the wish.com platform as it conceals their identity and contact information. Upon information and belief, Defendants regularly create new marketplace accounts in order to avoid efforts by trademark owners to stop Defendants' counterfeiting. Defendants engage in these tactics to conceal their identities, the full scope of their counterfeiting operation, and to avoid being shut down.

15.     In addition to operating under multiple fictitious names, Defendants in this case and defendants in other online counterfeiting cases use a variety of other methods to evade enforcement efforts including simply registering new online marketplace accounts once they receive notice of a lawsuit and operating multiple credit card merchant accounts to evade collection efforts by Plaintiffs armed with enforceable judgments. Upon information and belief, Defendants maintain off-shore bank accounts and regularly move funds from their PayPal accounts to off-shore bank accounts outside the jurisdiction of this Court.

16.     Defendants, without any authorization or license from Plaintiff, have knowingly and willfully used and continue to use the EDEALYN trademark in connection with the advertisement, distribution, offering for sale, and sale of counterfeit EDEALYN products into the United States and Illinois over the Internet. Each Defendant Wish.com Store shipped counterfeit

products to the United States, including Illinois, and, has in fact sold or offered for sale the products during the course of Plaintiff's preliminary investigations.

17.     Defendants' use of the EDEALYN trademark in connection with the advertising, distribution, offering for sale, and sale of counterfeit EDEALYN products, including the sale of counterfeit EDEALYN products into Illinois, is likely to cause and has caused confusion, mistake, and deception by and among consumers and is irreparably harming Plaintiff.

## COUNT I
## TRADEMARK INFRINGEMENT AND COUNTERFEITING (15 U.S.C. § 1114)

18.     Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

19.     This is a trademark infringement action against Defendants based on their unauthorized use in commerce of counterfeit imitations of the registered EDEALYN trademark in connection with the sale, offering for sale, distribution, and/or advertising of infringing goods. The EDEALYN trademark is a distinctive mark.

20.     Defendants have sold, offered to sell, marketed, distributed, and advertised, and are still selling, offering to sell, marketing, distributing, and advertising products in connection with the EDEALYN trademark without Plaintiff's permission.

21.     Plaintiff is the exclusive licensee of the EDEALYN trademark. The United States Registration for the EDEALYN trademark (Exhibit A) is in full force and effect. Upon information and belief, Defendants have knowledge of Plaintiff's rights in the EDEALYN trademark and are willfully infringing and intentionally using counterfeits of the EDEALYN trademark. Defendants' willful, intentional and unauthorized use of the EDEALYN trademark is likely to cause and is causing confusion, mistake, and deception as to the origin of the counterfeit goods.

22.     Defendants' activities constitute willful trademark infringement and counterfeiting under Section 32 of the Lanham Act, 15 U.S.C. § 1114.

23.     Plaintiff has no adequate remedy at law, and if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill associated with the EDEALYN mark.

24.     The injuries and damages sustained by Plaintiff have been directly and proximately caused by Defendants' wrongful reproduction, use, advertisement, promotion, offering to sell, and sale of counterfeit EDEALYN products.

## COUNT II
## FALSE DESIGNATION OF ORIGIN (15 U.S.C. § 1125(a))

25.     Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

26.     Defendants' promotion, marketing, offering for sale, and sale of counterfeit EDEALYN products has created and is creating a likelihood of confusion, mistake, and deception among the general public as to the affiliation, connection, or association with Plaintiff or the origin, sponsorship, or approval of Defendants' counterfeit EDEALYN products by Plaintiff.

27.     By using the EDEALYN trademark in connection with the sale of counterfeit EDEALYN products, Defendants create a false designation of origin and a misleading representation of fact as to the origin and sponsorship of the counterfeit EDEALYN products.

28.     Defendants' false designation of origin and misrepresentation of fact as to the origin and/or sponsorship of the counterfeit EDEALYN products to the general public is a willful violation of Section 43 of the Lanham Act, 15 U.S.C. § 1125.

29.     Plaintiff has no adequate remedy at law and, if Defendants' actions are not enjoined, Plaintiff will continue to suffer irreparable harm to its reputation and the goodwill of its brand.

## COUNT III
## <u>VIOLATION OF ILLINOIS UNIFORM DECEPTIVE TRADE PRACTICES ACT</u>
## <u>(815 ILCS § 510, et seq.)</u>

30.     Plaintiff repeats and incorporates by reference herein its allegations contained in the above paragraphs of this Complaint.

31.     Defendants have engaged in acts violating Illinois law including, but not limited to, passing off their counterfeit EDEALYN products as those of Plaintiff, causing a likelihood of confusion and/or misunderstanding as to the source of their goods, causing a likelihood of confusion and/or misunderstanding as to an affiliation, connection, or association with genuine EDEALYN products, representing that their products have Plaintiff's approval when they do not, and engaging in other conduct which creates a likelihood of confusion or misunderstanding among the public.

32.     The foregoing Defendants' acts constitute a willful violation of the Illinois Uniform Deceptive Trade Practices Act, 815 ILCS § 510, et seq.

33.     Plaintiff has no adequate remedy at law, and Defendants' conduct has caused Plaintiff to suffer damage to its reputation and goodwill. Unless enjoined by the Court, Plaintiff will suffer future irreparable harm as a direct result of Defendants' unlawful activities.

## <u>JURY DEMAND</u>

Plaintiff, under Rule 38 of the Federal Rules of Civil Procedure, requests a trial by jury of any issues so triable by right.

## <u>PRAYER FOR RELIEF</u>

WHEREFORE, Plaintiff prays for judgment against Defendants as follows:

1.      That Defendants, their affiliates, officers, agents, servants, employees, attorneys, confederates, and all persons acting for, with, by, through, under, or in active concert with them

be temporarily preliminarily, and permanently enjoined and restrained from:

a. using the EDEALYN trademark or any reproductions, counterfeit copies, or colorable imitations thereof in any manner in connection with the distribution, marketing, advertising, offering for sale, or sale of any product that is not a genuine EDEALYN product or is not authorized by Plaintiff to be sold in connection with the EDEALYN trademark;

b. passing off, inducing, or enabling others to sell or pass off any product as a genuine EDEALYN product or any other product produced by Plaintiff that is not Plaintiff's or not produced under the authorization, control, or supervision of Plaintiff and approved by Plaintiff for sale under the EDEALYN trademark;

c. further infringing the EDEALYN trademark and damaging Plaintiff's goodwill;

d. otherwise competing unfairly with Plaintiff in any manner;

e. shipping, delivering, holding for sale, transferring or otherwise moving, storing, distributing, returning, or otherwise disposing of, in any manner, products or inventory not manufactured by or for Plaintiff, nor authorized by Plaintiff to be sold or offered for sale, and which bear any Plaintiff trademark, including the EDEALYN trademark, or any reproductions, counterfeit copies, or colorable imitations thereof;

f. using, linking to, transferring, selling, exercising control over, or otherwise owning the Online Marketplace Accounts or websites, or any other online marketplace account or website that is being used to sell or is the means by which Defendants could continue to sell counterfeit EDEALYN products; and

g.      operating and/or hosting websites at the Defendant Domain Names and any other domain names registered or operated by Defendants that are involved with the distribution, marketing, advertising, offering for sale, or sale of any product bearing the EDEALYN trademark or any reproduction, counterfeit copy or colorable imitation thereof that is not a genuine EDEALYN product or not authorized by Plaintiff to be sold in connection with the EDEALYN trademark; and

2.      That Defendants, within fourteen (14) days after service of judgment with notice of entry thereof upon them, be required to file with the Court and serve upon Plaintiff a written report under oath setting forth in detail the manner and form in which Defendants have complied with paragraph 1, a through g, above;

3.      Entry of an Order that, upon Plaintiff's request, those in privity with Defendants and those with notice of the injunction, including any online marketplaces and any related wish.com entities, social media platforms, Facebook, YouTube, LinkedIn, Twitter, Internet search engines such as Google, Bing and Yahoo, web hosts for the Defendant Domain Names, and domain name registrars, shall:

a.      disable and cease providing services for any accounts through which Defendants engage in the sale of counterfeit EDEALYN products using the EDEALYN trademark, including any accounts associated with the Defendants listed on Schedule A;

b.      disable and cease displaying any advertisements used by or associated with Defendants in connection with the sale of counterfeit EDEALYN products using the EDEALYN trademark; and

c.      take all steps necessary to prevent links to the Defendant Domain Names identified on Schedule A from displaying in search results, including, but not limited to, removing links to the Defendant Domain Names from any search index; and

4.      That Defendants account for and pay to Plaintiff all profits realized by Defendants by reason of Defendants' unlawful acts herein alleged, and that the amount of damages for infringement of the EDEALYN trademark be increased by a sum not exceeding three times the amount thereof as provided by 15 U.S.C. § 1117;

5.      In the alternative, that Plaintiff be awarded statutory damages pursuant to 15 U.S.C. § 1117(c)(2) of $2,000,000 for each and every use of the EDEALYN trademark;

6.      That Plaintiff be awarded its reasonable attorneys' fees and costs; and

7.      Award any and all other relief that this Court deems just and proper.


DATED July 12, 2018.                    Respectfully submitted,

                                        */s/David R. Bennett*
                                        David R. Bennett
                                        Direction IP Law
                                        P.O. Box 14184
                                        Chicago, IL 60614-0184
                                        Telephone: (312) 291-1667
                                        e-mail: dbennett@directionip.com

                                        **ATTORNEY FOR PLAINTIFF**
                                        **SHENZHEN WENWEN NEW WORLD**
                                        **TRADING COMPANY LIMITED**

*Of Counsel:*
Stevenson Moore V
Texas Bar No. 24076573
smoore@nilawfirm.com
Krystal L. McCool

Texas Bar No. 24082185
kmccool@nilawfirm.com
**Ni, Wang & Massand, PLLC**
8140 Walnut Hill Ln., Ste. 500
Dallas, TX 75231
Tel: (972) 331-4600
Fax: (972) 314-0900